RECEIVED
OCT 3 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| RONNY MUSGROVE | CIVIL ACTION NO. 06-731-P |
| VERSUS | JUDGE STAGG |
| WARDEN BURL CAIN | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Ronny Musgrove ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on April 28, 2006. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. Petitioner names Warden Burl Cain as respondent.

On October 19, 1999, Petitioner was convicted of one count of attempted armed robbery and one count of attempted first degree murder in Louisiana's First Judicial District Court, Parish of Caddo. On October 25, 1999, Petitioner was adjudicated a second felony offender. On November 10, 1999, he was sentenced to 99 years imprisonment at hard labor

---

[1]This decision is not intended for commercial print or electronic publication.

without benefit of parole, probation or suspension of sentence as to the attempted armed robbery conviction and 55 years imprisonment at hard labor as to the attempted first degree murder conviction. The state trial court ordered said sentences to run concurrently.

In support of this petition, Petitioner alleges his state court application for post-conviction relief was timely filed.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[2]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[2] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on October 19, 1999. He was adjudicated a second felony offender on October 25, 1999. He was sentenced on November 10, 1999. The Louisiana Second Circuit Court of Appeal affirmed his convictions and sentences on December 15, 2000. State v. Musgrove, 33,977 (La. App. 2 Cir. 12/15/00), 774 So.2d 1155. The Supreme Court of Louisiana denied writs of review on September 28, 2001. State ex rel. Musgrove v. State, 2001-356 (La. 9/28/01), 798 So.2d 112. In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of

certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after September 28, 2001, on December 27, 2001.

The federal petition currently before the Court was filed in this Court on April 28, 2006 and mailed on April 27, 2006. Since the federal clock began ticking on December 27, 2001, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before December 27, 2002. This petition was not filed until April 2006 at the earliest, more than three years too late.

In addition, the post-conviction proceedings initiated by Petitioner in September 2003 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied relief on February 10, 2006. State ex rel. Musgrove v. State, 2005-1347 (La. 2/10/06), 924 So.2d 157. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the application for post-conviction relief until September 2003, after the limitation period had already expired in December 2002.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be

**DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 30th day of October 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE